UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DONOVAN CHARLES STONER, | ) | |
| Plaintiff, | ) | 3:06-CV-00324-LRH-VPC |
| v. | ) | ORDER |
| JAMES STOGNER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff Donovan Stoner's motion for reconsideration (#125[1]). Defendants have filed an opposition (#127) to which Plaintiff replied (#128).

On July 29, 2008, the court received an ex parte communication from Plaintiff, which the court docketed as a motion for reconsideration. In the motion, Plaintiff asks this court to reconsider its dismissal of Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(a)(1), arguing that his settlement agreement was involuntary. Plaintiff also argues that his voluntary dismissal of the case was obtained through coercion. As to the legal basis for his claim, Plaintiff argues this court should grant him relief from its final judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) because Defendants committed fraud by obtaining a forced signature from Plaintiff and misrepresenting that Plaintiff was voluntarily dismissing his case.

---

[1] Refers to the court's docket.

Federal Rule of Civil Procedure 60(b)(3) provides, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . fraud . . ., misrepresentation, or misconduct by an opposing party . . . ." The Ninth Circuit has applied the following standard to a motion for reconsideration under rule 60(b)(3):

> [i]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b), it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. The motion to set aside on this ground is addressed to the sound discretion of the trial court. And the burden is on the moving party to establish fraud by clear and convincing evidence.

*England v. Doyle*, 281 F.2d 304, 309-310 (9th Cir. 1960) (citations omitted).

In the present case, Plaintiff has failed to show by clear and convincing evidence that his voluntary dismissal was a product of an unconscionable plan or scheme. While Plaintiff makes various references to "the record," he offers no evidentiary support in his attached declaration to prove his contentions that the settlement agreement was involuntary and he was coerced into dismissing his case.

Finally, Plaintiff also appears to ask for reconsideration of the Magistrate Judge's July 17, 2008, minute order. The court has reviewed the minute order and finds that the magistrate correctly construed Plaintiff's June 9, 2008, ex parte communication as a motion to enforce settlement.  ((#118) at 1) ("I'm simply attempting to see to it that the original terms of settlement, as I understood them to be represented in the Offer of Judgment before the Court, are honored."). The magistrate was also correct that this court is without jurisdiction to enforce the terms of any settlement agreement among the parties. In *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375, 381-82 (1994), the Supreme Court held that federal courts do not have jurisdiction to enforce settlement agreements that precede a plaintiff's voluntary dismissal unless (1) the settlement contract is expressly embodied in a court's order of dismissal or (2) the courts retains jurisdiction over a settlement contract.  Here, the parties did not even mention a settlement in their Stipulation for Dismissal With Prejudice (*see* (#124)); and this court did not retain jurisdiction over any

settlement contract.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (#125) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE